## Commonwealth v. Harned

*Lee C. McCandless*, district attorney, for Commonwealth.

*Carmen V. Marinaro*, for defendant.

WILSON, P. J., March 6, 1936.—The transcript returned by the justice in this case shows only that on November 15, 1935, James C. Shank was sworn to an information before Raymond L. Orr, justice of the peace of Butler County, charging that Harold Harned, the driver of a certain motor vehicle, violated sections 1001 and 1004 of The Vehicle Code of May 1, 1929, P. L. 905, while driving on the public road in Mercer Township, Butler County, Pa., one mile south of Harrisville, Pa., and further, that on November 1, 1935, the defendant waived a hearing and gave bond in the sum of $100, conditioned on his appearance at the next term of court.

The transcript does not set out how or when notice of the said information was given the defendant, but a carbon copy of the information and notice to the defendant of the same, signed by the justice and dated November 15, 1935, directing the defendant to appear at the office of the justice at Harrisville, Pa., on November 25, 1935, at 7 p.m., are affixed to the transcript. The transcript does not set out that the justice is the nearest to the place of the violation charged.

The defendant moves the court to set aside and quash the proceedings for the following reasons:

1. The alderman's record failed to show the essential elements which would give him jurisdiction, i. e., that notice of the filing of the information was sent by registered mail within the time required by the act of assembly.

2. No offense is charged against the defendant in the information lodged before Raymond L. Orr, justice of the peace, the record merely citing the sections of The Vehicle Code, supra, allegedly violated, and failing to set forth any facts or in what manner the defendant violated said sections.

3. The record of the proceedings is fatally defective for the reason that it does not appear affirmatively on the record that the information was made before the nearest available magistrate or before a magistrate within the borough wherein the offense is alleged to have been committed, as required by section 1201(a) of The Vehicle Code of 1929, supra, as amended by the Act of June 22, 1931, P. L. 751, 808.

This being not an appeal from a summary conviction, but a removal of the entire proceeding to the court by waiving a hearing and giving bond for appearance in court, as provided in clause (b) of section 1204 of The Vehicle Code, 75 PS §734, we are of the opinion that the defendant has the right to question the regularity of the proceedings in the court of quarter sessions and that the court has the right to determine the regularity of the same, and the jurisdiction of the justice or magistrate, adopting as our own the reasoning of Judge Hargest in the case of Commonwealth v. Myers, 22 D. & C. 586.

We are also satisfied that the information does not charge an offense in the manner required by law, and that it is a nullity, in that no fact is stated from which it may be determined whether or not any offense was committed.

We therefore sustain the second exception and, as this action, in our opinion, nullifies the entire proceeding, it is not necessary to dispose of the other two exceptions.

### Order

Now, March 6, 1936, the second exception is sustained and the proceedings quashed and the defendant discharged. Costs to be paid by Butler County.

From Thomas H. Greer, Butler.